IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| Cephas Manuel Cowick,<br><br>                      Plaintiff,<br><br>v.<br><br>Glen Campbell Detention Center, and<br>Lamont Hicks,<br><br>                      Defendants. | C/A No. 5:17-3001-JFA<br><br><br>**ORDER** |

Cephas Manuel Cowick ("Plaintiff"), a prisoner proceeding *pro se*, filed this civil rights action pursuant to 28 U.S.C. § 1983. (ECF No. 1). Plaintiff filed this action *in forma pauperis* under 28 U.S.C. § 1915.[1] In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., the case was referred to a Magistrate Judge for Review.

The Magistrate Judge assigned to this action[2] prepared a thorough Report and Recommendation ("Report") and opines that this action should be summarily dismissed without prejudice. (ECF No. 11 p. 5). The Report sets forth, in detail, the relevant facts and standards of law on this matter, and this Court incorporates those facts and standards without a recitation.

---

[1] Because the Complaint (ECF No. 1) was filed pursuant to 28 U.S.C. §§ 1915, this Court is charged with screening Plaintiff's lawsuit to identify cognizable claims or to dismiss the Complaint if, after being liberally construed, it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

[2] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2) (D.S.C.). The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

1

Plaintiff was advised of his right to object to the Report, which was entered on the docket on January 3, 2018. (ECF No. 11). The Magistrate Judge required Plaintiff to file objections by January 17, 2018. (ECF No. 11). However, Plaintiff failed to file any objections to the Report.

A district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Magistrate's Report, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

After carefully reviewing the applicable laws, the record in this case, as well as the Report, this Court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. Accordingly, the Court adopts the Report and Recommendation (ECF No. 11). Thus, Plaintiff's Complaint (ECF No. 1) is summarily dismissed without prejudice.

IT IS SO ORDERED.

February 7, 2018  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge